IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. TDC-20-cr-317 |
| | * | |
| DANIEL VELCU, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S RESPONSE TO DEFENDANT**
**DANIEL VELCU'S PETITION FOR DETENTION HEARING**

The United States of America, by and through counsel, hereby respectfully opposes Defendant Daniel Velcu's petition for a detention hearing in this matter at this time. Defendant already had a detention hearing in this case, and was ordered detained. With respect to the review or vacatur of Defendant's detention order by the district court, the time for seeking review of the Honorable Charles B. Day's original detention order was 14 days, and has passed. *See, e.g.*, Fed. R. Crim. P. 59(a); District of Maryland Local Rule 302; *United States v. Baize*, No. 1:13CR296-1 (LPA), 2013 U.S. Dist. LEXIS 173870, at *2 n.1 (M.D.N.C. Dec. 12, 2013). In addition, Defendant has not demonstrated changed circumstances appropriate for seeking a renewed bail hearing at this time—which would occur before the magistrate court in the first instance—because he does not raise any arguments or proposals either that were not already appropriately considered in this case or that change the applicable landscape.[1]

---

[1] As Defendant notes in his motion, (ECF No. 98 at 2), he plans to enter a guilty plea in this case; the hearing was scheduled for June 11, 2021. Due to calendaring conflicts, the plea hearing date is now being continued. The government will continue to appraise its position on detention until and once Defendant has formally accepted responsibility in the case, and will confer with Defendant's counsel if the position changes.

## BACKGROUND

1.	On September 28, 2020, a Federal Grand Jury returned an indictment against several defendants, including Defendant, for Conspiracy to Commit Bank Fraud and Wire Fraud (one count), in violation of 18 U.S.C. § 1349.  The time period of the charged conduct was from June 2018 through September 2018.  The indictment was subsequently unsealed as to certain defendants only.

2.	Defendant was arrested and had his initial appearance on October 9, 2020, before Judge Day.  (ECF No. 5.)  Defendant requested a detention hearing at that time and, after the hearing was completed, was ordered detained.  (ECF No. 10.)  Among other findings, Judge Day relied upon his conclusions that:  the weight of the evidence against Defendant was strong; Defendant was subject to a lengthy term of incarceration if convicted; Defendant lacked stable employment; Defendant lacked significant community or family ties to the District; Defendant had significant family or other ties outside the United States; Defendant lacked legal status in the United States; Defendant was subject to removal or deportation after serving any period of incarceration; and Defendant had used alias(es) or false documents.  (ECF No. 10 at 1-2.)  Judge Day further acknowledged the government's proffer that the government had just recovered a significant quantity of cash ($30,000) from a storage facility under Defendant's control; and that after the search warrant at Defendant's home (the same home to which he seeks release again now) was concluded, Defendant's wife was trying to access the storage facility during the time the search warrant covering it was obtained (for execution that same day) (*i.e.*, before law enforcement could access the facility).  (ECF No. 10 at 2.)[2]

---

[2]	The $30,000 figure was based on law enforcement's very preliminary estimate of the quantity seized upon the search warrant's execution.  The ultimate figure is approximately $80,000, separately from cash seized from Defendant's residence.

2

3. On February 17, 2021, a federal Grand Jury returned a superseding indictment which primarily, as relevant here, added additional defendants.

4. On Tuesday, June 8, 2021, Defendant filed the instant motion. (ECF No. 98.) On that same date, the Court ordered the government to file a response to the motion by noon on Thursday, June 10, 2021. (ECF No. 100.)

## DISCUSSION

In his motion, Defendant requests the option of a renewed detention hearing with the proposal that he be allowed to live at his prior residence (mentioned above) with his wife and children, and citing the background that Defendant has no prior record and the charges stem from his role in a non-violent fraud scheme. (ECF No. 98, at 1, 2.) Although the government does believe that the fraud scheme exhibited the posing of a financial danger to the community, the government notes that the residence to which Defendant seeks to return is the same residence (and family situation) that enabled the participation in the fraud scheme in the first instance, and that the government's primary concern in this case pertains to the very substantial risk of flight Defendant poses, for reasons such as Judge Day noted in his order.[3]

The only changed circumstances Defendant proffers in support of the request for a renewed detention hearing are: (1) his acceptance into a private program which would enable electronic monitoring of his home detention;[4] and (2) the fact that he is accepting responsibility for his actions and will enter a plea of guilty before this Court, as noted above.

At this time, the government continues to request detention, and does not believe that the above-cited changes—even if they were to properly constitute changed circumstances under the

---

[3] The government understands that an ICE detainer has been issued for Defendant.
[4] The government is not familiar with the cited program and does not know how it would relate to U.S. Pre-trial and Probation Services's own monitoring, which the government would naturally prefer.

applicable standard—warrant a change in detention status at this time.  Pre-trial Services regularly provides supervision such as the cited program would (and such supervision was previously contemplated, at the least), and the government remains concerned about Defendant's release without an independent third-party custodian (not his wife, for reasons that the government could describe in more detail, and not otherwise subject to removal from the United States).  In addition, Defendant's guilty plea has not yet been entered.  The government does view Defendant's acceptance of responsibility as a positive sign and mitigating risks in this particular case, but before the plea is formally entered, such mitigation does not pertain.[5]

Accordingly, the government does not believe Defendant has warranted a new detention hearing at this time.  Should such a hearing be ordered, the government would respectfully request the time/ability to procure and submit to the Court a copy of the audio from the original detention hearing, along with any substantive supplements in the form of briefing or commentary, for the Court's consideration.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that Defendant's motion be denied at this time.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By: _____/s/_____
Elizabeth Wright
Assistant United States Attorney

---

[5]  The standard for release/detention under the Bail Reform Act is modified upon entry of a guilty plea.  *See* 18 U.S.C. § 3143(a).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on June 10, 2021, which will send notification of such filing to all counsel of record.

                                                    /s/
                                          Elizabeth Wright
                                          Assistant United States Attorney